E-FILED
Thursday, 20 March, 2014 12:57:21 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

FILED
MAR 20 2014
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER,<br>     Plaintiff,<br><br>vs.<br><br><br>SIVYER STEEL CORPORATION HEALTH CARE PLAN,<br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 14-1102<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

## COUNT I

### *SIVYER STEEL CORPORATION HEALTH CARE PLAN*

NOW COMES Plaintiff, OSF HEALTHCARE SYSTEM, an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER, by its attorneys, KOTH & GREGORY, P.C., and for its Complaint against Defendant, SIVYER STEEL CORPORATION HEALTH CARE PLAN, states as follows:

1.    Plaintiff is a healthcare provider authorized and licensed to provide medical services within the State of Illinois.  That Plaintiff is located in the City of Peoria, Peoria County, Illinois.

2.    That on or around July 25, 2012 through August 17, 2012, the Plaintiff provided medical services and materials to Francisco Alvarez (Account No. 22970068) in the City of Peoria, Peoria County, Illinois.

3.    That the proper venue is the Central District of Illinois pursuant to 28 U.S.C.A. § 1391(b)(2) because a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

4.     That the sum of the medical services provided by the Plaintiff to Francisco Alvarez on the dates stated in Paragraph 2 totaled $420,578.20. (*See Affidavit of Damages attached as Exhibit A*).

5.     That payments, credits, and/or adjustments have been applied to this account in the amount of $139,442.88.

6.     That the outstanding balance that remains due and owing to Plaintiff from the Defendant totals $281,135.32.  *(See Exhibit A)*.

7.     That, at the time that services were rendered to Francisco Alvarez, he was a member of and/or had health insurance coverage through Defendant, SIVYER STEEL CORPORATION HEALTH CARE PLAN, (hereafter referred to as the "Health Plan"), an employee medical plan. *Please see copy of health plan attached hereto as Exhibit B.*

8.     That Defendant, Health Plan, falls within the definition of "employee benefit plan" set forth in 29 U.S.C. §1002.

9.     That Defendant, Health Plan, provides medical coverage for said medical goods and services provided by Plaintiff to Francisco Alvarez on the dates stated herein.

10.     That a claim was made against Defendant, Health Plan, for payment for the medical goods and services provided by Plaintiff to Francisco Alvarez on the dates stated herein.

11.     That Defendant, Health Plan's, alleged denial and/or otherwise refusal to pay the balance on this claim is erred as well as arbitrary and capricious due to one or more of the following:

      i.     arbitrarily and capriciously denied making further payment on this account by completely disregarding the Plan language as to the determination of Customary, Usual and Reasonable charges; and

    ii.    this claim was for emergency treatment and services and is

        a claim that should have been processed and paid at 100%

        of the total billed charges.

12.    That notice of a valid and enforceable denial must include: (1) the specific reason or reasons for the adverse determination; (2) reference to the specific plan provisions on which the determination is based; (3) contain a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and (4) contain a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under ERISA §502(a) following an adverse benefit determination on review. 29 C.F.R. §2560.503-1(g)(1)(i)-(iv). That Defendant, Health Plan's, explanation of benefits attached hereto as Group Exhibit C fails to meet the requirements of 29 C.F.R. §2560.503-1(g)(1)(i)-(iv), specifically requirements two (2) and four (4).

13.    That Defendant, Health Plan, initially denied paying the balance stating on the Explanation of Benefits that the "charges [are] in excess of usual & customary amounts." *See Explanation of Benefits attached hereto as Group Exhibit C.*

14.    That Plaintiff appealed the denial and/or refusal to pay the balance by Defendant, Health Plan, on March 29, 2013, September 26, 2013, and November 14, 2013 . *See Group Exhibit D.*

15.    That in response to Plaintiff's appeal letters, the Defendant, Health Plan's, purported denial letters explain that the determination for Customary, Usual and Reasonable is 200% of Medicare rates and is a Fair and Reasonable price. *See denial letters dated April 25, 2013, October 4, 2013, and November 22, 2013 attached hereto as Group Exhibit E.*

16.    That Defendant, Health Plan's, denial is erred and is arbitrary and capricious

3

because the purported denial is <u>not</u> based on the Plan language.

       17.     That the Plan language makes no reference to Medicare rates. That the Plan states on page 2-2 that Customary, Usual and Reasonable for non-PPO providers is "the lesser of the fee most often charged by the provider or the maximum allowable fee as determined by the plan. The maximum allowable fee is set by comparing the service to a national database of fees. The database is adjusted to the locality where the service was performed." *See page 2-2 of Exhibit B.*

       18.     That the charges for the medical services and materials provided by Plaintiff to Francisco Alvarez are customary, usual, and reasonable charges for said services and materials so provided within the medical community of Peoria County, Illinois. *See Affidavit of Jennifer Ulrich attached hereto as Exhibit F and charge comparison included in Group Exhibit D.*

       19.     That the total billed charges are also customary, usual, and reasonable charges pursuant to the Plan language.

       20.     That the patient, Francisco Alvarez, was transferred to Plaintiff from another hospital that was unable to provide the level of care required due to the patient's emergent life-threatening medical condition, a subarachnoid hemorrhage.

       21.     That pursuant to 42 U.S.C.A. § 300gg-19a(b)(1)(C)(II), if emergency services are provided out-of-network, the cost-sharing requirement (expressed as a copayment amount or coinsurance rate) is the same requirement that would apply if such services were provided in-network.

       22.     That the Defendant, Health Plan, has also failed to pay this claim at the in-network rate.

       23.     That the Defendant, Health Plan, should have paid 100% of the total billed charges. *See Exhibit B and Group Exhibit C.*

24.     That "decisions of ERISA plan administrators presumptively receive de novo review." See *Perlman* v. *Swiss Bank Corporation*, 195 F.3d 975, 980 (1999), citing *Firestone Tire & Rubber Co.* v. *Bruch*, 489 U.S. 101, 109 S.Ct. 948 (1989).

25.     That, in the alternative, if the Court finds that Defendant, Health Plan, has discretionary powers, there has been an arbitrary and capricious handling of this claim and denial of benefits by the Defendant, Health Plan.

26.     That Plaintiff has received a direct benefit under the Plan by having received direct payment.   This direct benefit to Plaintiff establishes Plaintiff's standing to sue as a beneficiary and, as a beneficiary, Plaintiff has standing to appeal and file a claim.   That the term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.  29 U.S.C. § 1002(8).

27.     That Plaintiff is not only a party who is or may become entitled to a benefit under the Plan, but has actually received a direct benefit under the Plan, thus Plaintiff is a proper beneficiary/claimant of any benefits payable under the Plan and is legally entitled to seek payment directly from Defendant, Health Plan, having received direct benefits via direct payment from Defendant, Health Plan. *See 29 U.S.C.A. § 1002(8); 29 U.S.C.A. § 1132.*

28.     That Plaintiff has exhausted all administrative remedies and further attempts to resolve this matter would be futile.

29.     That this action is brought pursuant to 29 U.S.C. § 1132 (a)(1)(B).

30.     That this court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

31.     That Plaintiff may recover attorney fees pursuant to 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff, OSF HEALTHCARE SYSTEM, an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER, prays for judgment against

Defendant, SIVYER STEEL CORPORATION HEALTH CARE PLAN, in the amount of

$281,135.32, plus court costs and attorney's fees.

> OSF HEALTHCARE SYSTEM,
> an Illinois not for profit corporation d/b/a
> SAINT FRANCIS MEDICAL CENTER,
> Plaintiff,
>
>
> By: s/ Kristin L. Nieminski       
> Attorney for Plaintiff
> Koth & Gregory, P.C.
> 420 N. Main Street
> Bloomington, IL  61701
> (309) 828-5090
> (309) 828-3806 *fax*
> kothandgregory@frontier.com



UNITED STATES POSTAGE
PITNEY BOWES
$ 007.350
02 1P
0001794520    MAR 18 2014
MAILED FROM ZIP CODE 61701

LAW FIRM OF
*Koth & Gregory* P.C.

420 North Main Street
Bloomington, Illinois 61701

Attn: Clerk's Office
United States District Court
Central District of Illinois
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, IL 61602